CYNTHIA J. MERRILL, (*late* SHATTUCK,) *pet'r for review,* *versus* JACOB P. SHATTUCK.

A petition for a new trial in respect to the specific sum decreed instead of alimony, on the ground of the discovery of new evidence, is fatally defective, unless,

1. " The names of the witnesses to prove it and what each is expected to testify, be stated under oath;" and unless,

2. It alleges that " the parties have not cohabited since the former trial, and that neither of them has contracted a new marriage."

ON EXCEPTIONS.

PETITION for a new trial in respect to the specific sum decreed to the petitioner instead of alimony.

The petition alleged that the specific sum decreed was " wholly disproportionate to her just claims, and that she has since discovered that the representations then made by this respondent of his property and income were fraudulent, false and unjust towards her," &c.

The presiding Judge ruled *pro forma* that the decree of alimony cannot legally be revoked and the question reopen-

Merrill *v.* Shattuck.

ed and readjusted upon this petition; and the petitioner alleged exceptions. The remaining facts appear in the opinion.

*F. O. J. Smith*, for the petitioner.

*Geo. F. Shepley & A. A. Strout*, for the respondent.

KENT, J. — This is a petition for a review and new trial, in respect to the alimony, or specific sum granted instead of alimony, at the time a divorce was decreed on libel of the wife.

Several objections are made by the respondent, to the granting of such a review. The petition alleges that since the trial she has discovered that the representations then made were false and fraudulent. The statute in relation to reviews, c. 89, § ·3, requires that, "when a discovery of new evidence is alleged in the petition, the names of the witnesses to prove it, and what each is expected to testify, must be stated under oath." This condition has not been complied with. There are no names of witnesses and no oath administered. This seems fatal. The second objection is that this Court had no power to grant a review of a part only of the decree, before the statute of 1863. It seems that the Legislature originally made special provision as to reviews and new trials in cases of divorce, as those cases were somewhat exceptional in their nature. The power to grant such application was limited to the cases where the parties had not cohabited since the former trial, nor either of them had contracted a new marriage. R. S., c. 60, § 8. This power was extended by Act of 1863, c. 211, §§ 2, 3, which gives the power to the Court, on petition of the party aggrieved, to grant a new trial, either in respect to the divorce granted, or amount of alimony, or specific sum instead of alimony, when the parties have not cohabited since the former trial, nor either of them contracted a new marriage.

There is no allegation in this petition that the parties have not cohabited, or that neither has contracted a new marriage.

It seems to be understood that, in fact, one of them has since married. The Legislature having seen fit to annex this condition to the exercise of the power to grant a review in case of divorce, even when the question is only one of alimony or allowance, we are not at liberty to override it.

The probable reason for the original restriction was, that public policy and domestic harmony, and the rights of the second husband or wife, whose marriage was legal, all required that, when a divorce had been legally decreed and the new relation formed, the question of divorce should not be opened. These reasons do not apply with much, if any force, to the question of alimony. The opening of that question would not affect the subsequent relations or conditions of the parties. The Legislature, however, has not made any distinction, but retains the condition in both cases.

*Petition dismissed.*

WALTON, DICKERSON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.